# Exhibit A

UNCLASSIFIED

Central Intelligence Agency



Washington, DC 20505

24 August 2022

VIA EXTERNAL EMAIL

Elizabeth Stone
eurekastone@gmail.com

Matt Hughes
Matt@matthugheslaw.com

Re:     Elizabeth Stone v. Central Intelligence Agency
        EEOC No. 570-2019-01143; Agency No. 18-27

**FINAL AGENCY ORDER**

**Statement of Claims**

Pursuant to the Administrative Judge's 29 July 2022 Decision without a Hearing and Order Entering Summary Judgment (AJ's Order), the final accepted issues were as follows:

Issue and Basis 1: Complainant alleges harassment leading to a hostile work environment on the bases of sex (female), disability (physical: speech disorder and allergies), and reprisal (EEO protected activity, opposition to sexual harassment) when, from 5 April to 26 October 2017, the following occurred:

a. On or around 5 April 2016, Rickey J. denied Complainant's request to leave her position short of tour in order to take a field position;

b. On 15 November 2016, Office of Finance issued Complainant a Letter of Warning for applying for a field position without concurrence from her career service;

c. On 17 November 2016, Jason A. and Duane G. issued Complainant a Letter of Reprimand for reporting to a different building for her assigned work location;

d. On 17 November 2016, Jason A. and Duane G. inquired about Complainant's use of leave and required Complainant to produce a Doctor's note for her absences;

UNCLASSIFIED

EEO Case 18-27
24 August 2022

    e.   On 7 July 2017, Jason A. and Duane G. failed to provide Complainant with a previously approved reasonable accommodation that permitted her to work from an alternate work location;

    f.   On 7 July 2017, Jason A. and Duane G. changed Complainant's work location and work schedule;

    g.   On 7 July 2017, Jason A. and Duane G. issued Complainant a Letter of Reprimand for taking "excessive" leave;

    h.   On 19 July 2017, Jason A. and Duane G. contacted the Office of Inspector General (OIG) to question Complainant's whereabouts and informed Complainant's career service that she was not at the OIG; and

    i.   On 26 October 2017, Mary A., Greg D., Rickey J., Joseph M., Jason A. and Duane G. provided false information to the Personnel Evaluation Board (PEB).

<u>Issue and Basis 2</u>: Complainant alleges discrimination on the basis of reprisal (EEO protected activity, opposition to sexual harassment) when, on 26 October 2016, Mary A., Greg D., Rickey J., Joseph M., Jason A. and Duane G. provided false information about Complainant to the PEB.

<u>Issue and Bases 3</u>: Complainant alleges discrimination on the bases of sex (female, disability (physical: speech disorder and allergies), and reprisal (EEO protected activity, opposition to sexual harassment) when, on 26 October 2017, the Agency terminated Complainant's employment.

## **Procedural History**

| | |
|---|---|
| Initial Contact with OEEO | 10 December 2017 |
| Alleged Discriminatory Events | 26 October 2017 |
| Notice of Right to File Issued | 9 March 2018 |
| Formal Complaint Filed | 28 March 2018 |
| Counseling Report Submitted | 10 April 2018 |
| Acknowledgment of Complaint Sent | 6 April 2018 |
| Acceptance Letter Issued | 6 June 2018 |
| Report of Investigation Complete | 13 February 2019 |
| Complainant's Request for Hearing | 24 April 2019 |
| Order of Acknowledgment & Scheduling Initial Conference | 22 November 2021 |
| Agency's Motion for Summary Judgement | 17 June 2022 |
| Complaint's Opposition to Agency's Motion for Summary Judgement | 8 July 2022 |
| Agency's Reply in Support of Motion for Summary Judgement | 19 July 2022 |
| Order Granting the Agency' Motion for Judgment Without a Hearing | 29 July 2022 |

EEO Case 18-27
24 August 2022

On 29 July 2022, the Administrative Judge issued an Order granting the Agency's Motion for Judgement Without a Hearing, and entered summary judgment in favor of the Agency. The Administrative Judge held that "Complainant offers no competent evidence that the events she challenges were in any way motivated by her sex, disabilities, or protected activity under the Equal Employment Opportunity laws. As such, she fails to make out a *prima facie* case for discriminatory or retaliatory harassment or disparate treatment." AJ's Decision at p. 4-5. Assuming Complainant had made a *prima facie* showing, the Administrative Judge found that "the Agency has more than met its burden to articulate legitimate, non-discriminatory reasons for the actions Complainant challenges" because a "review of the record makes clear that Complainant's failure to follow instructions and failure to meet performance expectations are the reason for the actions she challenges." AJ's Decision at 5-6. Finally, the Administrative Judge found that Complainant offered "no colorable evidence creating a disputed material fact as to whether the Agency's asserted justifications are pretextual" and offered only "speculation, opinion, and conjecture in support of a nexus between her protected characteristics and/or activity." AJ's Decision at 5. Because Complainant failed to establish any disputed issues of material fact warranting a hearing, the Administrative Judge found that summary judgment for the Agency was appropriate. AJ's Decision at 6.

The Administrative Judge concluded that the Agency's Motion for Judgment Without a hearing is GRANTED, and summary judgement is hereby ENTERED in favor of the Agency.

### Implementation Statement

This final action by the CIA is issued in accordance with 29 C.F.R. § 1614.110(a). The CIA hereby notifies you that it will fully implement the Order Granting the Agency's Motion for Judgment Without a Hearing dated 17 June 2022, ruling in favor of the Agency. For the reasons stated in the Administrative Judge's Decision, I fully adopt the Administrative Judge's Decision, and your claims are dismissed pursuant to 29 C.F.R. § 1614.110(a).

### Statement of Relief

Because the Agency is implementing the Administrative Judge's decision, no relief is awarded.

### Rights of Appeal

If you are dissatisfied with this decision, you have the following appeal rights:

Within <u>30 calendar days</u> of your receipt of this final order, you have the right to appeal this final action to the Office of Federal Operations of the Equal Employment Opportunity Commission (EEOC) at the following address:

Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC  20013

EEO Case 18-27
24 August 2022

Facsimile:  (202) 663-7022

The appeal must be postmarked or, in the absence of a postmark, received by the Commission within the 30-day period.  If you file an appeal beyond the 30-day period, you should provide an explanation as to why the appeal should be accepted despite its untimeliness.  If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. § 1614-604, the EEOC may dismiss your appeal as untimely.

You must also provide a copy of the notice of appeal to the Central Intelligence Agency at the following address:

Evetta M. Harold, Director
Office of Equal Employment Opportunity
Central Intelligence Agency
1F91 Original Headquarters Building
Washington, DC  20505

In or attached to the appeal to the EEOC, you must certify the date and method by which you notified the Agency of the appeal.  Any statement or brief in support of the appeal must be submitted in duplicate to the EEOC and to the Central Intelligence Agency within 30 calendar days of the filing of the notice of appeal.

You also have the right to file a civil action in an appropriate United States District Court:

(a) Within 90 calendar days of your receipt of an agency final action;

(b) After 180 days from the date of filing a complaint if agency final action has not been taken;

(c) Within 90 calendar days of receipt of the Commission's final decision on appeal; or

(d) After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

(e) After filing an appeal with the Commission from an agency final action, the complainant may withdraw the appeal and file a civil action within 90 days of receipt of the agency final action.  If the complainant files an appeal with the Commission from a final agency action and more than 90 days have passed since receipt of the agency final action, the appellant may file a civil action only in accordance with paragraph (c) or (d) above.

(f) After filing a request for reconsideration of a Commission decision on an appeal, the complainant may withdraw the request and file a civil action within 90 days of receipt of the Commission's decision on an appeal.  If complainant files a request for reconsideration of a Commission decision on an appeal and more than 90 days have

UNCLASSIFIED

EEO Case 18-27
24 August 2022

passed since the appellant received the Commission's decision on the appeal, the appellant may file a civil action only in accordance with paragraph (c) or (d) above.

(g) A complainant who follows the procedures described in paragraph (e) or (f) of this section shall be deemed to have exhausted his or her administrative remedies.

A copy of the regulations providing for the right to appeal or to file a civil action (29 C.F.R. §§ 1614.401-.409) and Form 573, Notice of Appeal/Petition-Complainant, are enclosed with this letter.

If you file a civil action under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, or the Genetic Information Nondiscrimination Act of 2008, and you do not have or are unable to obtain the services of an attorney, you may request that the Court appoint an attorney to represent you and that the court permit you to file the action without payment of fees, costs, or security. The grant or denial of such a request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN 90 CALENDAR DAYS of the date you receive this final decision or action from the Agency or Commission.

Further, if you file a civil action, you must identify William J. Burns, Director of the Central Intelligence Agency as the defendant. Failure to include the name and title of the head of the agency may result the loss of any judicial redress to which you may be entitled.

Sincerely,

Evetta M. Harold
Director
Office of Equal Employment Opportunity

Enclosures:
1. 29 C.F.R. §§ 1614.401-.409
2. Form 573 – Notice of Appeal/Petition – Complainant

UNCLASSIFIED

EEO Case 18-27
24 August 2022

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 24th day of August 2022, the Agency's Final Agency Order was sent to the following recipients via e-mail:

Administrative Judge Sharon E. Debbage Alexander
Equal Employment Opportunity Commission
sharon.alexander@eeoc.gov

Complainant
Elizabeth Stone
eurekastone@gmail.com

Complainant's Representative
Matt Hughes
Matt@matthugheslaw.com

Agency Representative
Megan E. Middleton
CIA Office of General Counsel
via internal e-mail

_____
Karla A.

24 August 2022
_____
Date

**Equal Employment Opportunity Comm.**                              **§ 1614.402**

file a petition for consideration with the EEOC; or

(c) Within 30 days of receipt of notice that the Commission has determined not to consider the decision of the MSPB; or

(d) Within 30 days of receipt of notice that the Commission concurs with the decision of the MSPB; or

(e) If the Commission issues a decision different from the decision of the MSPB, within 30 days of receipt of notice that the MSPB concurs in and adopts in whole the decision of the Commission; or

(f) If the MSPB does not concur with the decision of the Commission and reaffirms its initial decision or reaffirms its initial decision with a revision, within 30 days of the receipt of notice of the decision of the Special Panel; or

(g) After 120 days from the date of filing a formal complaint if there is no final action or appeal to the MSPB; or

(h) After 120 days from the date of filing an appeal with the MSPB if the MSPB has not yet made a decision; or

(i) After 180 days from the date of filing a petition for consideration with Commission if there is no decision by the Commission, reconsideration decision by the MSPB or decision by the Special Panel.

## Subpart D—Appeals and Civil Actions

**§ 1614.401  Appeals to the Commission.**

(a) A complainant may appeal an agency's final action or dismissal of a complaint.

(b) An agency may appeal as provided in § 1614.110(a).

(c) A class agent or an agency may appeal an administrative judge's decision accepting or dismissing all or part of a class complaint; a class agent may appeal an agency's final action or an agency may appeal an administrative judge's decision on a class complaint; a class member may appeal a final decision on a claim for individual relief under a class complaint; and a class member, a class agent or an agency may appeal a final decision on a petition pursuant to § 1614.204(g)(4).

(d) A grievant may appeal the final decision of the agency, the arbitrator or the Federal Labor Relations Author-

ity (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised. A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB or if 5 U.S.C. 7121(d) is inapplicable to the involved agency.

(e) A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with § 1614.504.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999; 77 FR 43505, July 25, 2012]

**§ 1614.402  Time for appeals to the Commission.**

(a) Appeals described in § 1614.401(a) and (c) must be filed within 30 days of receipt of the dismissal, final action or decision. Appeals described in § 1614.401(b) must be filed within 40 days of receipt of the hearing file and decision. Appeals described in § 1614.401(d) must be filed within 30 days of receipt of the final decision of the agency, the arbitrator or the Federal Labor Relations Authority. Where a complainant has notified the EEO Director of alleged noncompliance with a settlement agreement in accordance with § 1614.504, the complainant may file an appeal 35 days after service of the allegations of noncompliance, but no later than 30 days after receipt of an agency's determination.

(b) If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999; 77 FR 43505, July 25, 2012]

## § 1614.403 How to appeal.

(a) The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 77960, Washington, DC 20013, or electronically, or by personal delivery or facsimile. The appellant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.

(b) The appellant shall furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c) If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d) Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

(e) The agency must submit the complaint file to the Office of Federal Operations within 30 days of initial notification that the complainant has filed an appeal or within 30 days of submission of an appeal by the agency.

(f) Any statement or brief in opposition to an appeal must be submitted to the Commission and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement or brief supporting the appeal is filed, within 60 days of receipt of the appeal. The Office of Federal Operations will accept statements or briefs in opposition to an appeal by facsimile provided they are no more than 10 pages long.

(g) Agencies are required to submit appeals, complaint files, and other fil-ings to the Office of Federal Operations in a digital format acceptable to the Commission, absent a showing of good cause why an agency cannot submit digital records. Appellants are encouraged, but not required, to submit digital appeals and supporting documentation to the Office of Federal Operations in a format acceptable to the Commission.

[64 FR 37659, July 12, 1999, as amended at 74 FR 3430, Jan. 21, 2009; 77 FR 43505, July 25, 2012]

## § 1614.404 Appellate procedure.

(a) On behalf of the Commission, the Office of Federal Operations shall review the complaint file and all written statements and briefs from either party. The Commission may supplement the record by an exchange of letters or memoranda, investigation, remand to the agency or other procedures.

(b) If the Office of Federal Operations requests information from one or both of the parties to supplement the record, each party providing information shall send a copy of the information to the other party.

(c) When either party to an appeal fails without good cause shown to comply with the requirements of this section or to respond fully and in timely fashion to requests for information, the Office of Federal Operations shall, in appropriate circumstances:

(1) Draw an adverse inference that the requested information would have reflected unfavorably on the party refusing to provide the requested information;

(2) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(3) Issue a decision fully or partially in favor of the opposing party; or

(4) Take such other actions as appropriate.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999]

## § 1614.405 Decisions on appeals.

(a) The Office of Federal Operations, on behalf of the Commission, shall issue a written decision setting forth

its reasons for the decision. The Commission shall dismiss appeals in accordance with §§ 1614.107, 1614.403(c) and 1614.409. The decision shall be based on the preponderance of the evidence. The decision on an appeal from an agency's final action shall be based on a de novo review, except that the review of the factual findings in a decision by an administrative judge issued pursuant to § 1614.109(i) shall be based on a substantial evidence standard of review. If the decision contains a finding of discrimination, appropriate remedy(ies) shall be included and, where appropriate, the entitlement to interest, attorney's fees or costs shall be indicated. The decision shall reflect the date of its issuance, inform the complainant of his or her or her civil action rights, and be transmitted to the complainant and the agency by first class mail.

(b) The Office of Federal Operations, on behalf of the Commission, shall issue decisions on appeals of decisions to accept or dismiss a class complaint issued pursuant to § 1614.204(d)(7) within 90 days of receipt of the appeal.

(c) A decision issued under paragraph (a) of this section is final within the meaning of § 1614.407 unless a timely request for reconsideration is filed by a party to the case. A party may request reconsideration within 30 days of receipt of a decision of the Commission, which the Commission in its discretion may grant, if the party demonstrates that:

(1) The appellate decision involved a clearly erroneous interpretation of material fact or law; or

(2) The decision will have a substantial impact on the policies, practices or operations of the agency.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999; 77 FR 43505, July 25, 2012]

## § 1614.406  Time limits. [Reserved]

## § 1614.407  Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the Commission's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

[57 FR 12646, Apr. 10, 1992. Redesignated and amended at 64 FR 37659, July 12, 1999]

## § 1614.408  Civil action: Equal Pay Act.

A complainant is authorized under section 16(b) of the Fair Labor Standards Act (29 U.S.C. 216(b)) to file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing. Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful; liquidated damages in an equal amount may also be awarded. The filing of a complaint or appeal under this part shall not toll the time for filing a civil action.

[57 FR 12646, Apr. 10, 1992. Redesignated at 64 FR 37659, July 12, 1999]

## § 1614.409  Effect of filing a civil action.

Filing a civil action under § 1614.407 or § 1614.408 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

[57 FR 12646, Apr. 10, 1992. Redesignated at 64 FR 37659, July 12, 1999. 77 FR 43505, July 25, 2012]

August, 2015                                    Appendix P  EEO-MD-110

## NOTICE OF APPEAL/PETITION - COMPLAINANT
### TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS
#### P.O. Box 77960
#### Washington, DC  20013

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code) | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ☐ Yes   Date Received _____ (Remember to attach a copy)<br>☐ No<br>☐ This appeal alleges a breach of a settlement agreement |
| Has a complaint been filed on this same matter with the Commission, another agency, or through any other administrative or collective bargaining procedures? | ☐ No<br>☐ Yes   (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ☐ No<br>☐ Yes   (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing.  If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision.  Any comments or brief in support of this appeal MUST be filed with the Commission and with the agency **within 30 days** of the date this appeal is filed.  The date the appeal is filed is the date on which it is postmarked, hand delivered, submitted, or faxed to the Commission at the address above.

Please specify any reasonable accommodations you will require to participate in the appeal process:

**Appendix P  EEO-MD-110**                                                    **August, 2015**

| Signature of complainant or complainant's representative: | |
|---|---|
| Date: | |
| Method of Service on Agency: | |
| Date of Service: | |

**PRIVACY ACT STATEMENT ON REVERSE SIDE.**
**EEOC Form 573 REV 2/09**
**PRIVACY ACT STATEMENT**

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, February 2009

2. **AUTHORITY:** 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and effectively adjudicate appeals filed by federal employees, former federal employees, and applicants for federal employment.

4. **ROUTINE USES:** Information provided on this form may be disclosed to: (a) appropriate federal, state, or local agencies when relevant to civil, criminal, or regulatory investigations or proceedings; (b) a Congressional office in response to an inquiry from that office at your request; and (c) a bar association or disciplinary board investigating complaints against attorneys representing parties before the Commission. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

You may send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC  20013**

**Fax it to (202) 663-7022 or submit it through the Commission's electronic submission portal.**

Management Directive
App. P-2
